USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/7/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

   -against-

JIHAD WILLIAMS,

                Defendant.

No. 17-CR-506-2 (NSR)

**OPINION & ORDER**

NELSON S. ROMÁN, United States District Judge:

*Pro se* Defendant Jihad Williams ("Williams" or "Defendant") was charged with participating in a racketeering conspiracy. (ECF No. 63, Superseding Indictment.) On February 28, 2019, pursuant to a plea agreement with the Government, Williams pled guilty to one count of racketeering conspiracy, in violation of 18 U.S.C. § 1962(d). (ECF No. 542, Opposition ("Opp.") at 2.) On July 24, 2019, the Court imposed a below-Guidelines sentence of 15 years' imprisonment, followed by three years of supervised release. (ECF No. 173, Judgment.)

Williams now moves *pro se* for compassionate release under 18 U.S.C. § 3582(c)(1)(A), citing his rehabilitation, family health circumstances, and the alleged harshness of his incarceration. (ECF No. 535, "Mot.") The Government opposes the motion. (*See generally* Opp.) For the reasons set forth below, Defendant's motion is DENIED.

**LEGAL STANDARD**

Under 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act ("FSA"), a court may reduce a term of imprisonment only after the defendant has exhausted administrative remedies, and only if—after considering the factors set forth in 18 U.S.C. § 3553(a)—it finds that "extraordinary and compelling reasons" warrant such a reduction and that the reduction is consistent with applicable Sentencing Commission policy statements. *See United States v.*

*Saladino*, 7 F.4th 120, 124 (2d Cir. 2021); *United States v. Keitt*, 21 F.4th 67, 71 (2d Cir. 2021) (finding that both "extraordinary and compelling reasons" and the support of § 3553(a) factors are required for relief). The exhaustion requirement is mandatory and not subject to judicial waiver. *See Ross v. Blake*, 578 U.S. 632, 638–39 (2016). Once exhaustion is satisfied, the Court must determine whether the defendant has demonstrated: (1) extraordinary and compelling reasons; (2) that a reduction is consistent with U.S.S.G. § 1B1.13 (the relevant Sentencing Guidelines policy statement), which is now binding and requires, among other things, that the defendant not pose a danger to the community; and (3) that the § 3553(a) factors weigh in favor of a reduction. *See* U.S.S.G. §§ 1B1.13(a)(2), (b).

Application of the § 3553(a) factors requires the Court to consider, among other things, "the nature and circumstances of the offense and the history and characteristics of the defendant," the need "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment," "to afford adequate deterrence," and "to protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a); *United States v. Daugerdas*, 613 F. Supp. 3d 807, 812 (S.D.N.Y. 2020). The defendant bears the burden of satisfying each of these requirements. *See United States v. Butler*, 970 F.2d 1017, 1026 (2d Cir. 1992).

## DISCUSSION

The Court DENIES Defendant's motion for compassionate release because he has not shown extraordinary and compelling circumstances to warrant his release and the § 3553(a) factors weigh strongly against modifying his sentence.

### I. Exhaustion of Administrative Remedies

The Court finds that Williams sufficiently exhausted administrative remedies prior to bringing his motion. Courts may consider compassionate release motions brought by an

incarcerated defendant only if he or she has either (1) fully exhausted the administrative process available at the correctional facility or (2) waited for thirty days after serving his or her petition on the warden of the facility. 18 U.S.C. § 3582(c)(1)(A). Williams submitted an administrative request for compassionate release to the warden of the United States Penitentiary Hazelton on July 31, 2025, citing his rehabilitation, harsh prison conditions, and family health issues as the basis for his request. (Mot., Ex. A.) The Bureau of Prisons ("BOP") has no record of a response, nor has the Government provided one in their Opposition. Because more than thirty days elapsed between the submission of Williams's request and the filing of his motion, the Court finds that he has satisfied the exhaustion requirement.

## II. Failure to Show Extraordinary and Compelling Reasons for Sentence Reduction

Having met the procedural threshold, Williams next argues that extraordinary and compelling reasons warrant his early release based on: (1) his father's serious medical conditions; (2) his children's mental and emotional struggles; (3) his rehabilitation while incarcerated; and (4) the alleged harshness of confinement conditions and length of time served. (Mot. at 1–6.) None, individually or collectively, meets the standard under U.S.S.G. § 1B1.13

### a. Family Circumstances

Williams's family circumstances do not warrant early release. Section 3582(c) "only authorizes release where the family circumstances are truly 'extraordinary and compelling,' and not merely the inevitable circumstances families face when a family member is incarcerated." *United States of America, v. Scott Tucker & Timothy Muir*, 2024 WL 3983410, at *27 (S.D.N.Y. Aug. 29, 2024) (citation omitted). Williams contends that his father suffers from liver, kidney, and heart issues, that his teenage daughter has struggled with her mental health, and that his young son also faces challenges. (Mot. at 4–5; Ex. B.) He asserts that his release would allow him to help

alleviate his family's burdens. (*Id.*) While the Court is sympathetic to these difficulties, Williams does not qualify as the "only available caregiver" required under § 1B1.13(b)(3)(C)–(D). *See United States v. Lindsey*, 2021 WL 37688, at *3 (S.D.N.Y. Jan. 4, 2021) ("[C]ourts generally required a showing of evidence from several sources indicating that the defendant is the only available caregiver for a family member in dire conditions, before concluding that an extraordinary and compelling reason has been established.") (citation omitted).His own filings confirm that other family members are presently providing care for his father and children and that his presence would "relieve stress" rather than fill a vacant caregiving role. (Mot. at 3–4.) Courts routinely hold that such circumstances, while unfortunate, do not satisfy the "extraordinary and compelling" standard. *See, e.g.*, *United States v. Mendez-Rojas*, No. 11 Cr. 929 (PAE), 2024 WL 4345561, at *4 (S.D.N.Y. Sept. 30, 2024)* ("Relieving hardship is not the same as being the only available caregiver."). Accordingly, while the Court is sympathetic to the defendant's family circumstances, it does not warrant early release.

  b. Rehabilitation

Williams's rehabilitative progress does not constitute "extraordinary and compelling" grounds for a sentence reduction. Policy Statement § 1B1.13 expressly provides that "rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason." U.S.S.G. § 1B1.13(d). During his incarceration, Williams has earned his GED, completed educational and counseling programs, maintained a clean disciplinary record, and developed a reentry plan. (Mot. at 5–6; Ex. D.) While the Court commends these efforts, they do not constitute the type of extraordinary circumstances contemplated by the statute. Courts in this District have consistently held that positive institutional conduct and program participation, though commendable, are "expected, not exceptional." *United States v. Webb*, No. 12 Cr. 111 (CS), 2023 WL 9022874, at *2*

4

*(S.D.N.Y. Dec. 29, 2023)* (noting that "good conduct in prison is not uncommon, and indeed expected"); *United States v. Raposo*, No. 98 Cr. 185 (JPC), 2023 WL 142786, at *7 (S.D.N.Y. Jan. 10, 2023)* (denying relief despite "nearly faultless" disciplinary record and extensive rehabilitative work). Accordingly, although Williams's achievements will aid him upon eventual release, his rehabilitation alone does not amount to an "extraordinary and compelling reason" under § 3582(c)(1)(A).

### c. Conditions of Confinement and Length of Time Served

Williams further argues that his incarceration has been "more punitive than intended" due to facility lockdowns, restricted visitation, and the general hardship of confinement during the COVID-19 pandemic. (Mot. at 5–6.) However, such conditions do not rise to the level of extraordinary and compelling circumstances warranting early release. Under § 3582(c)(1)(A), relief is reserved for truly exceptional circumstances, not hardships broadly shared by all inmates. *See United States v. Farmer*, No. 19-CR-427 (LTS), 2022 WL 47517, at *3 (S.D.N.Y. Jan. 5, 2022)* (holding that "generalized statements about the conditions of confinement do not constitute compelling reasons for compassionate release"). Here, Williams identifies no individualized circumstances—such as a unique medical vulnerability or deprivation of care—that distinguish his experience from that of other inmates. Moreover, Williams was sentenced in 2019 and resentenced in 2021, after the pandemic had begun, and the Court expressly considered the restrictive and challenging conditions of confinement at that time. (ECF No. 236, Sentencing Transcript "Tr." at 25–27.) Accordingly, while the Court recognizes that the pandemic imposed widespread hardship, those conditions do not constitute extraordinary and compelling reasons for a sentence reduction.

### d. Other Factors

Finally, Williams argues that having served over 70% of his sentence warrants early release, but time served alone does not constitute an extraordinary or compelling reason for relief. (Mot. at 1.) Congress expressly limited compassionate release to truly exceptional circumstances, not as a substitute for routine early release or good-time credit. *See United States v. Keitt*, 21 F.4th 67, 71 (2d Cir. 2021). Here, while Williams's service of a substantial portion of his 15-year term reflects meaningful progress toward completion of his sentence, it does not provide an independent basis for granting relief.

Taken together, all of Williams's arguments fail to demonstrate that his circumstances are "extraordinary and compelling" within the meaning of § 1B1.13(b).

### III. Section 3553(a) Factors

Even if extraordinary and compelling reasons existed, the § 3553(a) factors weigh decisively against reducing Williams's sentence. Application of § 3553(a) requires the Court to consider the offense's nature, the defendant's history, and the need for punishment, deterrence, respect for the law, and public protection. 18 U.S.C. § 3553(a).

Williams's offense conduct was exceptionally serious. Between 2012 and 2017, he served as a leader of the violent Uptown Gang in Poughkeepsie, distributing drugs, supplying firearms, and directing younger members to sell narcotics and commit shootings. (Opp. at 1–2.) He possessed and provided one of the firearms later used to murder an innocent bystander. (*Id*. at 2.) Although Williams did not fire the fatal shot, the killing was a reasonably foreseeable consequence of the armed violence he encouraged and supplied. (*Id*.) His leadership role, continued criminal activity, and influence over younger gang members underscore both the gravity of his offenses and the ongoing threat such conduct poses to community safety. (*Id*. at 5.)

Further reduction of Williams's sentence would upset the balance the Court carefully struck at sentencing and diminish the weight of the statutory goals underlying § 3553(a). While the Court recognizes Williams's positive institutional record and rehabilitative progress, those developments do not outweigh the need for the sentence to reflect the seriousness of his crimes and the danger his conduct posed to the community. *See United States v. Roney*, 833 F. App'x 850, 852 (2d Cir. 2020) (affirming denial of compassionate release where § 3553(a) factors, including deterrence and public safety, outweighed rehabilitation). Granting early release would create unwarranted disparities among similarly situated defendants and understate the seriousness of Williams's leadership role in a violent criminal enterprise that caused lasting harm to the community. Accordingly, the Court finds that the § 3553(a) factors continue to weigh strongly against any sentence reduction.

## CONCLUSION

For the foregoing reasons, Defendant's motion for compassionate release is DENIED. The Government is directed to serve a copy of this Opinion and Order on the appropriate facility, and to file proof of service on the docket. The Clerk of Court is respectfully directed to terminate the motion at ECF Nos. 494 & 535.

Dated: November 7, 2025
      White Plains, NY

SO ORDERED:

NELSON S. ROMÁN
United States District Judge